IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSHUA DAVENPORT,<br>Petitioner, | ::<br>::<br>:: | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | ::<br>:: | |
| D. BRUCE LEE, Warden,<br>Respondent. | ::<br>:: | CIVIL ACTION NO.<br>1:12-CV-4149-TWT-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner is confined at Lee State Prison in Leesburg, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his criminal convictions in Fulton County, Georgia in 2005. (Doc. 1.) Respondent filed a response opposing the petition, (Doc. 5), and Petitioner filed a reply, (Doc. 10). The parties filed exhibits, which consist of the record of the state-court proceedings. (Docs. 8, 9.)

Petitioner also filed a motion that Respondent's response not be considered because he contends that it was not timely filed. (Doc. 6.) On January 3, 2013, the Court directed the Clerk to serve the petition on Respondent by certified mail and directed Respondent to file his response within thirty days of his receipt of the Court's Order. (Doc. 4.) The Clerk's mailing indicates that Respondent received the Order on January 7, 2013, giving him until February 6, 2013, to file his response. Respondent filed his response on February 6, 2013. Accordingly, Petitioner's motion that the response not be considered [6] is **DENIED**. Petitioner's motion for

appointment of counsel [7] is also **DENIED** because he has not shown that appointment of counsel is necessary or warranted in this case.

I.   **Background**

In June 2005, a jury in the Superior Court of Fulton County, Georgia convicted Petitioner of murder, aggravated assault, and possession of a firearm during the commission of a felony. (Doc. 1 at 1)[1]; *Davenport v. State*, 656 S.E.2d 844, 846 (Ga. 2008). The Georgia Supreme Court summarized the trial evidence as follows:

> [Petitioner's] friend Byron Stanford was in his vehicle, which was parked at a restaurant, when Steven and Jamil Tanks, who were brothers, entered the vehicle to purchase drugs and instead robbed Stanford at gunpoint. [Petitioner] was in the vicinity, retrieved a rifle from his nearby vehicle, and fired at the brothers as they were running away. Steven Tanks was struck in his back and thigh by the gunfire, and died from his wounds.[2]

*Davenport*, 656 S.E.2d at 846. Petitioner's defense at trial was that he acted in defense of himself and Stanford and, thus, was justified in shooting Tanks. *Id.* at 847-49. Petitioner did not testify at trial. (Doc. 1 at 1.)

The trial court sentenced Petitioner to life in prison for murder and a consecutive prison term for the other crimes. *Davenport*, 656 S.E.2d at 846. *Id.* The

---

[1] Citations in this Report and Recommendation to documents in the Court's record include the page numbers created by the Court's electronic docketing system and appearing at the top of each page.

[2] The state habeas court added the following: "The evidence produced at trial was that Petitioner shot at the victims twelve times with an assault rifle as they ran from the scene of an armed robbery. Petitioner shot the homicide victim in the back from approximately sixty feet away. No evidence was presented at trial that the homicide victim pointed a gun or threatened Petitioner in any way." (Doc. 8-4 at 6-7.)

trial court denied Petitioner's motion for new trial, and the Georgia Supreme Court affirmed his convictions and sentence. *Id.* at 846 n.*, 849.

Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Coffee County, Georgia and later amended it. (Docs. 8-2, 8-3.) Petitioner presented a total of five claims to the state habeas court, all of which alleged that his appellate counsel, who was different from his trial counsel, rendered ineffective assistance. (*Id.*; Doc. 1 at 2-3.) The state habeas court denied Petitioner relief. (Doc. 8-4.) Petitioner then filed with the Georgia Supreme Court an application for probable cause to appeal the denial, (Doc. 8-7), and later amended the application. (Doc. 8-8.) In both his original and amended applications, Petitioner presented the same five claims of ineffective assistance of appellate counsel. (Docs. 8-7, 8-8.) The Georgia Supreme Court denied Petitioner's application. (Doc. 8-9.)

Petitioner then filed his federal habeas petition in this case, asserting the following grounds for relief:

    1.    the Georgia Supreme Court erred by not remanding the state habeas case to the superior court because the superior court entered its final order without allowing Petitioner to file a brief or proposed order, thus violating his right to due process;

    2.    during closing argument at trial, the prosecutor violated Petitioner's constitutional right to not incriminate himself by referencing Petitioner;

    3.    the trial jury was incompetent to hear Petitioner's case because life imprisonment was an authorized penalty for the charged crimes and the

        trial court did not ask during voir dire the questions in O.C.G.A. § 15-12-164[3];

4.    his trial counsel was ineffective for not objecting to Petitioner's mother's testimony at trial in which she apologized to the victim's family and offered restitution, and his appellate counsel was ineffective for not raising the issue on direct appeal; and

5.    the trial court's instruction to the jury on aggravated assault did not cover the forcible felonies, namely "pointing of firearm" and "resonible [sic] apprehension of injury," committed by the victim.

(Doc. 1 at 6-8.) Respondent contends that ground one does not state a cognizable claim under § 2254 and that Petitioner procedurally defaulted the other grounds by not raising them on direct appeal or in his state habeas action. (Doc. 5-1.)

## II.    Applicable Legal Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus for a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). This power, however, is limited.

    A.    Review Under 28 U.S.C. § 2254

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an

---

[3] That statute provides that "[o]n voir dire examination in a felony trial, the jurors shall be asked" four questions regarding their impartiality and whether they are conscientiously opposed to capital punishment. O.C.G.A. § 15-12-164(a).

4

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 131 S. Ct. at 1398 (citations and quotations omitted).

In applying 28 U.S.C. § 2254(d), a federal habeas court first determines the "clearly established federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The federal habeas court then determines whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision "and nevertheless arrives at a [different] result." *Id.* at 405-06.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then determines whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 409, 411; *see Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) ("For purposes of § 2254(d)(1), an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law." (quotations omitted)). In short, when a state court applies clearly established federal law to a claim, federal habeas relief is not available unless the petitioner shows that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

B. <u>Procedural Default</u>

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court. For example,

> if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted). Under Georgia law, a ground for relief that is not raised on direct appeal generally cannot be asserted later in a state habeas petition unless the petitioner shows cause and prejudice for the failure to raise the issue on direct appeal. *Head v. Ferrell*, 554 S.E.2d 155, 160 (Ga. 2001); *Gaither v. Gibby*, 475 S.E.2d 603, 604 (Ga. 1996) ("[A]ny issue that could have been raised [on direct] appeal but was not, is procedurally barred from

6

consideration in [state] habeas corpus proceedings absent a showing of adequate cause for the failure to raise it earlier and a showing of actual prejudice." (citation omitted)). Absent such a showing, a ground not raised on direct appeal is procedurally defaulted and, thus, barred from review by a federal court. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey*, 172 F.3d at 1303.

This bar to federal habeas review may be lifted if the petitioner can demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law; or (2) a fundamental miscarriage of justice, *i.e.*, the continued incarceration of someone who is actually innocent, arising from the federal court's failure to consider the defaulted claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986). To establish cause, a petitioner must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. To establish prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted). Lastly, to prevail on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more

likely than not that no reasonable juror would have convicted him" had the new evidence been presented. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

  C. <u>Ineffective Assistance Of Counsel</u>

The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The analysis is two-pronged, but a court need not address both prongs "if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

The petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. A court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy, *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), and "a petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden," *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Appellate counsel in a criminal case does not have a duty to raise every nonfrivolous issue requested by his client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

Under *Strickland*'s second prong, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When the deferential *Strickland* standard is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) (citing *Harrington*, 131 S. Ct. at 788). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Id.* at 911.

### III. Analysis

Ground one of the petition does not state a cognizable claim because it concerns an alleged procedural error in Petitioner's state habeas case. Petitioner alleges that the state habeas court did not give him a meaningful opportunity to be heard before issuing its final order and that the Georgia Supreme Court should have remanded the

case for further proceedings.[4] (Doc. 1 at 6-7; Doc. 10 at 2-3.) Petitioner contends that those errors denied him due process. (*Id.*) Petitioner cannot obtain federal habeas relief for alleged errors in his state habeas proceedings. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.").

Petitioner procedurally defaulted grounds two through four by not raising them on direct appeal. Grounds two and three – involving the prosecutor's closing argument and the trial jury's competence – assert trial errors that Petitioner did not raise on appeal or in his state habeas action. (Doc. 1 at 7; Doc. 8-2; Doc. 8-3); *Davenport*, 656 S.E.2d at 846-49. Part of ground four asserts that Petitioner's trial counsel was ineffective for not objecting at trial to Petitioner's mother's testimony, and Petitioner did not raise that claim on appeal or in his state habeas action.[5] *Id.*

Petitioner contends that he exhausted grounds two through four in his state habeas action. (Doc. 10.) The five grounds Petitioner asserted in his state habeas

---

[4] Petitioner filed his state habeas petition, asserting only one ground for relief, on October 28, 2008. (Doc. 8-2.) The state habeas court held an evidentiary hearing on August 26, 2009. (Docs. 8-10, 8-11.) On August 2, 2011, Petitioner filed amendments to his petition to add four new grounds for relief. (Doc. 8-3.) The state habeas court accepted those amendments and held another evidentiary hearing on August 10, 2011. (Doc. 8-4 at 1-4; Doc. 8-12.) The state court issued its final order, in which it addressed all five grounds, on October 25, 2011. (*Id.*)

[5] The portion of ground four concerning appellate counsel's assistance is discussed further below.

10

action, however, alleged only ineffective assistance of appellate counsel. (Docs. 8-2, 8-3.) The state habeas court recognized in its order that Petitioner asserted only claims of ineffective assistance of appellate counsel, and Petitioner asserted only those claims when he sought to appeal that order to the Georgia Supreme Court. (Docs. 8-4, 8-7, 8-8.)

While Petitioner's claims of ineffective assistance of appellate counsel that he asserted in the state habeas court may be related to the substantive claims that he asserts in this action, Petitioner did not actually present those substantive claims to the state courts and, thus, did not give those courts an opportunity to consider the claims. The substantive claims are "separate and distinct from an ineffective-assistance-of-counsel claim." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005) (holding that although petitioner presented to state habeas court a claim that his appellate counsel was ineffective for failing to raise on appeal a claim regarding trial court's comments, petitioner did not assert in state court a substantive claim that the comments were improper and, thus, defaulted the claim); *see Bailey v. Nagle*, 172 F.3d 1299, 1304 n.8 (11th Cir. 1999) ("An ineffective-assistance claim is analytically distinct from the substantive claim underlying it."). Georgia law bars Petitioner from raising those grounds in a state habeas action now, *see Head*, 554 S.E.2d at 160, and this Court is therefore barred

11

from reviewing them unless Petitioner demonstrates cause and prejudice or his actual innocence, *see Bailey*, 172 F.3d at 1303. Petitioner has made no such showing.[6]

Petitioner presented to the state habeas court a claim similar to the second part of ground four of his federal petition, but the claims are different. Petitioner alleges in this case that his appellate counsel was ineffective for not *raising on direct appeal, i.e., not raising in the Georgia Supreme Court*, his trial counsel's failure to object to Petitioner's mother's testimony at trial. (Doc. 1 at 7 (alleging that the issue "[s]hould have been . . . raised on direct appeal by appeal counsel").) In his state habeas case, Petitioner alleged that his appellate counsel was ineffective for not *questioning his trial counsel at the hearing on his motion for new trial* about the failure to object to that testimony at trial. (Doc. 8-3 at 4 ("Mr. Frier didn't question Mr. Shaw as to his failure to object at trial to [my mother's] testimony during New Trial Hearing even though he enumerated error.").) "[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were

---

[6] Petitioner asserted in his state habeas case, but not in this case, that his appellate counsel was ineffective for not raising on appeal the claim he asserts in ground three of his petition in this case – that the jury was incompetent because the trial court did not ask the questions set out in O.C.G.A. § 15-12-164(a) during voir dire. (Doc. 8-3 at 2.) The trial transcript reflects that the trial court asked during voir dire all of the questions set out in § 15-12-164(a) except the question of whether potential jurors were conscientiously opposed to capital punishment. (Doc. 8-16 at 83); *see* O.C.G.A. § 15-12-164(a). The State did not seek the death penalty in Petitioner's case. Thus, the trial court did not err by not asking the question about capital punishment, and Petitioner's appellate counsel was not deficient for not arguing on appeal that it was error. *See* O.C.G.A. § 15-12-164(a)(3) (providing that the question regarding capital punishment shall be asked if "the authorized penalty for the offense . . . involve[s] the life of the accused").

12

not first presented to the state courts." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). The claim Petitioner presented to the state habeas court questioned only appellate counsel's performance while examining trial counsel at a post-trial hearing in the trial court, while the claim Petitioner presents to this Court questions appellate counsel's later performance before the Georgia Supreme Court on direct appeal. By failing to present that latter instance of alleged ineffectiveness to the state habeas court, Petitioner defaulted it for purposes of review in this Court. *See Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) ("Because he never raised this specific claim of ineffectiveness, the district court properly dismissed . . . as unexhausted the ineffectiveness of appellate counsel claim.").

Even assuming the state habeas court understood Petitioner to assert a claim that his appellate counsel was ineffective regarding the issue of Petitioner's mother's trial testimony, Petitioner has not shown that the state court's resolution of that claim was contrary to, or involved an unreasonable application of, *Strickland*. *Strickland* is the clearly established federal law governing Petitioner's claim that his appellate counsel was ineffective. The state habeas court applied *Strickland* to all of Petitioner's claims that his appellate counsel was ineffective. (Doc. 8-4 at 5-7.) Thus, the state habeas court's resolution of those claims was not contrary to clearly established federal law. And as shown below, the state habeas court's application of *Strickland* to Petitioner's claim regarding his mother's trial testimony was objectively reasonable.

13

The prosecution called Petitioner's mother as its last witness at trial. (Doc. 8-21 at 122-30.) Petitioner's mother testified about how she learned that Petitioner had shot Tanks and how it surprised her because it was "totally out of character, totally out of character" for Petitioner to harm someone or even possess an assault rifle. (*Id.* at 126-28.) The next to last statement by Petitioner's mother, and the only one about which he complains, was:

> Q   And is there anything that you would like to say to the family of Mr. Tanks?
>
> A   And I really would, and I thank you for giving me this opportunity. I would like to say that I am so very sorry for what has happened. [Petitioner] is the flesh of my flesh and the bone of my bone, and I've truly tried to teach all of my children not to harm another individual. It's nothing that I can say or do to bring your son back, but I really do – I really do apologize, and I am so sorry. And if it's anything that I can do for any of you all or his children, I would be – I'm here. I'm listed in the phone book, and I am truly sorry.

(*Id.* at 130.) Petitioner contends that his mother's reference to "harm" and her offer to help the victim's family – which he refers to as "an offer of restitution" – unduly prejudiced him. (Doc. 1 at 7.) Petitioner contends that his appellate counsel should have argued on appeal that trial counsel was ineffective for not objecting to that testimony. (Doc. 1 at 7.)

It was not unreasonable for the state habeas court to conclude that Petitioner's appellate counsel was not ineffective for not pursuing that claim because the brief testimony quoted above did not unduly prejudice Petitioner or his theory of defense.

14

Petitioner admitted that he shot and killed Tanks. Thus, it was accurate for his mother to suggest that he "harm[ed] another individual," as that fact was not in dispute. (Doc. 8-21 at 130.) Petitioner's mother did not testify that Petitioner was not justified in harming Tanks. (*Id.* at 122-30.) Indeed, Petitioner's mom testified that all she knew about the shooting was that it occurred when "somebody tried to rob [Petitioner]." (*Id.* at 127.) Petitioner's mother had no personal knowledge of the robbery or shooting and did not testify to any facts bearing on Petitioner's justification defense. (*Id.* at 122-30.) There was no meritorious basis for Petitioner's trial counsel to object to her testimony and, more importantly, for appellate counsel to argue on appeal that trial counsel was constitutionally ineffective for not objecting. Even assuming no procedural default, Petitioner has not shown that the state habeas court unreasonably applied *Strickland* in rejecting his claim that his appellate counsel was ineffective on the issue of his mother's testimony. Petitioner has not overcome the "double deference" applicable to that claim. *See Johnson*, 643 F.3d at 910-11.

Lastly, although Petitioner raised ground five on direct appeal, he is not entitled to relief on it. Petitioner contends in ground five that the trial court's aggravated assault instruction to the jury should have "cover[ed] the forcible felonies committed by [the] victim." (Doc. 1 at 8.) On direct appeal, Petitioner similarly argued that "the trial court's justification charge with regard to the prevention of a forcible felony . . . did not specifically refer to any action by the victim, but rather mentioned only the action of [Petitioner] in the context of the crimes with which he was charged."

15

*Davenport*, 656 S.E.2d at 847. Petitioner did not present that claim to the Georgia Supreme Court as a violation of federal law, however. *See id.* That court rejected the claim on state-law grounds, holding that it was unnecessary for the jury charge "to assume a possible adverse construction" and that "there was no error in the charge because the charge as a whole was not likely to confuse the jury." *Id.* (quotation marks omitted) (citing *Beck v. State*, 438 S.E.2d 391 (Ga. Ct. App. 1993)).

Even if the appellate court wrongly concluded that the jury charge was proper under state law, Petitioner did not contend on direct appeal, and has not shown here, that the charge violated federal law. Alleged errors in state jury instructions are grounds for federal habeas relief only if the errors "so infected the entire trial that the resulting conviction violated due process." *Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005) (citations and internal quotation marks omitted). Petitioner has not shown that the alleged error in the aggravated assault instruction to the jury rendered his entire trial fundamentally unfair in violation of due process.

### IV. Certificate of Appealability

A habeas petitioner may not appeal the dismissal of his § 2254 petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of

16

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

As shown in Part III, above, the resolution of Petitioner's grounds for relief is not reasonably debatable, including the conclusion that he defaulted most of his claims. Petitioner has not shown otherwise and has not made a substantial showing of the denial of a constitutional right. Thus, a COA is not warranted.

V. **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus [1] be **DENIED** and that this action be **DISMISSED**. **IT IS**

17

**FURTHER RECOMMENDED** that Petitioner be **DENIED** a certificate of appealability.

Petitioner's motion that Respondent's response not be considered [6] and his motion for appointment of counsel [7] are **DENIED**.

**SO ORDERED AND RECOMMENDED** this 19 day of April, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE